

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/21/2009

| | | |
|---|---|---|
| IN RE: | § | |
| ROBODENT, INC. | § | CASE NO: 09-30991 |
| and | § | |
| KING MAGGIE INC, MARY MARGARET | § | |
| DENT, JERRY D. DENT | § | |
| and | § | |
| THADEN, INC. | § | |
| and | § | |
| AGGIE LAND NUTRITION, INC. | § | |
| | § | |
| AGGIE LAND NUTRITION, INC. | § | CASE NO: 09-31927 |
| | § | |
| KING MAGGIE, INC. | § | CASE NO: 09-31153 |
| | § | |
| JERRY D. DENT, MARY MARGARET | § | CASE NO: 09-31164 |
| DENT | § | |
| | § | |
| THADEN, INC. | § | CASE NO: 09-34384 |
| | § | Jointly Administered Order |
|     Debtor(s) | § | |
| | § | CHAPTER  11 |

## ORDER DENYING EMERGENCY MOTION
## TO EXTEND DEADLINES WITHOUT NOTICE AND HEARING
## (DOC # 178)

     Bankruptcy Code §§ 1121(e) and 1129(e) were added by 2005 amendments to the Bankruptcy Code.  They set stringent deadlines for proposal and confirmation of a chapter 11 plan for small business debtors.  As counsel for Debtors argues in his motion to extend those deadlines (docket # 178) the statue does not specify the consequences for failure to comply with those requirements.  However, it is clear that the deadline can be extended only after the debtor provides " … notice to parties in interest" and "demonstrates by a preponderance of the evidence" that a plan will be confirmed in a reasonable time.  The statute explicitly requires any order extending the deadline to be signed before the deadline has run.

     As counsel for Debtors asserts in his motion, the Court must provide scheduling assistance to allow debtors to meet the deadlines.  The Court made multiple efforts to assist Debtors in these cases.  Those efforts were rebuffed or ignored.  First *see* docket # 13, paragraph 7, second sentence, issued May 21, 2009.  Debtor declined that opportunity: docket # 147, paragraph 3; docket # 151, paragraph 5 (August 3, 2009).  The Court again went above and beyond the requirements of the statute on August 10 by noting deficiencies in Debtors' first

disclosure statement, and suggesting how the deficiencies could be corrected (docket # 151). Debtors did not attempt to cure the deficiencies until September 11 (docket # 172).

The Court also went above and beyond the requirements of the statute and rules on August 10 by alerting Debtors of the potential consequences of the deadline. *See* docket # 151, last sentence. On September 11 Judge Isgur conducted the disclosure statement hearing on Debtor's disclosure statement. The parties requested a continuance for further negotiations (docket entry for September 11). Although the undersigned judge has not listened to the recording of that hearing, it seems obvious that Judge Isgur set very short deadlines, again to assist Debtors in meeting the deadlines enacted in 2005.

On September 17, Debtors filed an emergency motion (docket # 178) for extension of the deadline. The motion recites that the motion was not served on potentially adverse parties prior to filing it, but that there have been discussions with potentially adverse parties who " … desire to see the process of plan development and negotiation … continue." The motion argues: (i) that a strict reading of §§ 1121(e) and 1129(e) is simply wrong, and (ii) that extension of the deadline can be granted on affidavits without a hearing. The motion asks for emergency consideration because the deadline runs on September 17, the day that the motion was filed.

As Debtors' counsel notes, there is neither binding precedent nor extensive, persuasive precedent relating to the first question. The Court declines to address that issue on an emergency basis without an opportunity for opposing counsel at least to be heard.[1]

The second argument is not persuasive in this case for two reasons. First, since the statute clearly limits the Courts authority to extend the deadline to situation in which the Court is persuaded by a "preponderance of the evidence", the Court finds a strong implication that evidence, subject to countervailing evidence and cross-examination, is required. If *ex parte* affidavits from one party were sufficient, the party presenting the evidence would always satisfy the "preponderance" test. If there is only evidence on one side, that side must, by definition, meet the "preponderance" test.[2] Second, Debtors have had numerous opportunities to address the issues prior to the last day of the deadline. It is simply inappropriate for the Debtor to ignore those opportunities and then ask for extraordinary relief without an opportunity for other parties to respond. In addition to all that, the statute requires notice to parties in interest prior to the presentation of evidence and prior to the court's conclusions concerning the preponderance of

---

[1] Informal, vague representation of opposing counsel's views (when opposing counsel has not see the pleading) is simply not adequate to constitute notice to opposing counsel and an opportunity to be heard.

[2] This does not mean that a hearing is always necessary. In some cases, the facts and circumstances may justify entry of an order without an additional hearing specifically related to extension of the deadline. The imminence of the deadline (because of court scheduling difficulties or other circumstances beyond debtor's control and despite counsel's reasonable efforts) might be important to a court's decision on whether a separate hearing is required. The Court might consider other factors such as there being no objection after adequate notice to all parties in interest with adequate opportunity to be heard. A stipulation by all active parties in the case that the statutory test in § 1121(e) is met would be persuasive. In some cases, prior contested matters may provide the Court with adequate, competent, tested evidence and obviate the need to conduct an additional hearing, especially when the difficult issues in the case appear to have been resolved. The comments in this footnote are clearly *dicta* and are intended solely to avoid the implication that the Court is ruling that a hearing is always necessary. The statute clearly does not explicitly say that, and the Court will wait to address that issue until it is required to do so.

evidence. In this case, notice was concurrent with the presentation of evidence and Debtors ask for the Court to make findings concurrent with notice to the other parties, not _after_ notice.

The relief requested in the emergency motion is denied.

SIGNED 09/18/2009.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge